Anthony V. Diosdi (SBN 339070)
(adiosdi@sftaxcounsel.com)
Diosdi Ching & Liu LLP
505 Montgomery Street, 11th Flr
San Francisco, CA 94111
Telephone: 415.391.3990
Facsimile: 415.335.7922

Attorney for Plaintiff
JAE CHUNG.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAE CHUNG,** | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR REFUND OF FEDERAL INCOME TAXES PAID AND CIVIL DAMAGES** |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

Plaintiff, JAE CHUNG, ("Plaintiff"), by and through his attorney, Anthony V. Diosdi, for his Complaint against Defendant, the United States of America ("Defendant") alleges as follows:

1

## NATURE OF THE CASE

1. This action for a refund of federal income taxes (interest and penalties) paid for tax year 2006, civil damages, and other relief arises from Defendant's reckless and negligent collection actions against Plaintiff after the ten (10) year period for collection of federal taxes (also known as the statute of limitations) expired.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1346(a) and 26 U.S.C. §7433.

3. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Plaintiff resides in this district.

## PARTIES

4. Plaintiff, Jae Chung, is an individual residing in Los Angeles County of the State of California.

5. Defendant, United States of America, is the federal government formed under the Constitution of the United States of America with its capitol in Washington, D.C.

## GENERAL ALLEGATIONS

6. Plaintiff entered into the Internal Revenue Service ("IRS") Offshore Voluntary Disclosure Program ("OVDP") for tax years 2006, 2007 and 2008 (2007

and 2008 are not at issue in this action).

7. The OVDP was available to all taxpayers with previously undisclosed offshore assets and was intended to afford those taxpayers an opportunity to become compliant with U.S. tax laws.

8. On or about November 2010, Plaintiff entered into a Closing Agreement with the Department of the Treasury for tax year 2006, whereby Plaintiff agreed to the following: Deficiency in Tax ($1,127,927.00); penalties ($225,585.40) and interest ($296,342.32); for a total amount of $1,662,241,32; and a separate offshore penalty of $465,972.

9. On September 5, 2011, the IRS assessed Plaintiff taxes in the amount of $1,127.927.00. plus interest ($340,020.77) and penalties ($225,585.40) for tax year 2006.

10. Plaintiff made significant payments towards his 2006 tax year liability for over ten (10) years.

11. Subsequent to September 5, 2021, the IRS' threatened collection action against Plaintiff.

*IRS Collection Actions*

12. On May 16, 2022, the IRS filed a Notice of Federal Tax Lien ("NFTL") in the amount of $707,323.71 against Plaintiff with the County Recorder in Los Angeles County, Norwalk, California.

13. On or about July 25, 2022, the IRS issued levies against Plaintiff and Plaintiff's former spouse's financial accounts.

14. On July 14, 2022 and July 21, 2022, and as a direct result of the IRS' illegal actions threatening enforced collections, Plaintiff paid the sum of $200,000 and $1,089,316.55, respectively, to the IRS.

*Claim For Refund*

15. The Internal Revenue Service ("IRS") is authorized by Section 6402 of the Internal Revenue Code ("IRC") to refund an overpayment of federal taxes to the person who made the overpayment. Section 7422 of the IRC mandates that no suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected shall be maintained in any court until a claim for refund has been filed. Pursuant to IRC § 6532(a), no suit for refund for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months of the date of the filing of the administrative claim for refund, unless the claim is disallowed by the IRS prior to the six month period.

16. On October 19, 2022, Plaintiff filed Form 843 'Claim for Refund and Request for Abatement' for tax year 2006 ("2006 Claim for Refund") with the IRS.

17. Plaintiff's '2006 Claim for Refund' provided Defendant with adequate notice that Plaintiff sought a refund of $1,656,161.44 in taxes, interest and penalties paid by Plaintiff for the 2006 tax year.

18. More than six months have elapsed since the date of the filing of the administrative claim for refund for the 2006 tax year.

## CLAIMS FOR RELIEF

## COUNT I

**(Illegal Exaction in Violation of Collection Statute)**

19. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

20. IRC §6502 provides that the IRS has ten (10) years from the assessment of a tax to collect the outstanding liability. The collection statute's expiration ends the government's right to pursue collection of a liability. *See* IRC §6502 (a).

21. The statute of limitations on collections may be extended by agreement (Form 900).

22. It may also be extended if a taxpayer sues the IRS, submits an offer in compromise or a request for a collection due process hearing to the IRS, files bankruptcy, or if a taxpayer requests a hearing with a revenue agent's manager. *See* IRC §6503.

23. The IRS assessed the 2006 tax year taxes on September 5, 2011.

24. Plaintiff did not agree to or otherwise trigger the extension or suspension of the ten (10) year statute of limitations for collections for the 2006 tax year assessment.

25. The ten (10) year statute of limitations to collect the 2006 tax liability expired on September 5, 2021.

26. Defendant illegally exacted $1,656,161.44 from Plaintiff after the expiration of the ten (10) year statute of limitations for tax year 2006.

## COUNT II

### (Violation of IRC §7433)

27. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

28. Section 7433 of the IRC provides that if any officer or employee of the IRS recklessly or intentionally, by reason of negligence, disregards any provision or regulation under Title 26 in connection with the collection of federal tax with respect to a taxpayer, such taxpayer may bring a civil action for damages against the United States.

29. On April 19, 2023, Plaintiff provided Defendant with a written administrative claim ("Section 7433 Claim") pursuant to IRC §7433, by mailing the Section 7433 Claim, *via certified mail, return receipt* to the IRS Area Director, Attn: Compliance Technical Support Manager, 6230 Van Nuys Blvd., Van Nuys, CA 91401.

30. Defendant received Plaintiff's Section 7433 Claim on April 22, 2023, as reflected by Defendant's acknowledgment and signature on the USPS return receipt.

31. Plaintiff's Section 7433 Claim provided notice to Defendant of its intent to seek damages in the amount of $1,289,316.55 in actual, direct economic damages resulting from the IRS' unlawful reckless collection actions.

32. Plaintiff's Section 7433 Claim also includes $50,000 in attorney fees which are reasonably foreseeable but not yet incurred.

33. More than 30 days have passed since Plaintiff mailed its Section 7433 Claim to Defendant.

34. Plaintiff has exhausted his administrative remedies pursuant to Treasury Regulation §301.7433-1.

35. Plaintiff suffered actual and direct economic damages and incurred litigation costs and expenses as a result of Defendant's reckless and negligent actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  For refund of $1,656,161.44 in taxes, interest and penalties illegally collected by Defendant from Plaintiff for the 2006 tax year;

B.  For civil damages against Defendant in the amount of $1,289,316.55.

C.  An award of attorneys' fees, costs, and expenses in this action; and,

D.  Such relief as the Court deems just and proper.

Date: June 1, 2023

        Respectfully Submitted,

        <u>*/s/ Anthony V. Diosdi*</u>

        Anthony V. Diosdi (CA SBN 339070)
        Diosdi Ching & Liu, LLP
        505 Montgomery St. 11th Floor
        San Francisco, CA 94111
        Phone: (415) 318-3990
        Fax: (415) 335-7922
        adiosdi@sftaxcounsel.com

        *Attorney for Plaintiff*