E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JAE CHUNG,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 2:23-cv-4270 MRW<br><br>United States of America's Answer |

    The United States of America, Defendant, responds to the complaint of Jae Chung, Plaintiff, as follows.

    1.    The United States of America admits that Plaintiff's complaint requests a refund of federal income taxes paid for tax year 2006 and for damages under 26 U.S.C. § 7433. The United States denies that Plaintiff is entitled to recover under either theory and all additional allegations contained in paragraph 1 of Plaintiff's complaint.

2. The United States admits that the Court has jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433 over Plaintiff's refund claim. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2 of Plaintiff's complaint.

3. The United States of America admits the allegations contained in paragraph 3 of Plaintiff's complaint.

4. The United States of America admits the allegations contained in paragraph 4 of Plaintiff's complaint.

5. The United States of America admits the allegations contained in paragraph 5 of Plaintiff's complaint.

6. The United States of America admits the allegations contained in paragraph 6 of Plaintiff's complaint.

7. The United States denies the allegations contained in paragraph 7 of Plaintiff's complaint.  The Government alleges that there have been multiple OVDP programs, and Plaintiff does not specify which program he is referring to.

8. The United States admits that on December 15, 2010, Plaintiff executed a closing agreement (form 906) for tax year 2006 whereby Plaintiff agreed to a deficiency in tax of $1,127,927, penalties of $225,585.40, and interest of $296,342.32.  The United States denies any allegations contained in paragraph 8 of Plaintiff's complaint that are inconsistent with this admission.

9. The United States admits the allegations contained in paragraph 9 of Plaintiff's complaint.

10. The United States admits that Plaintiff has made payments toward his 2006 tax liability.  Because Plaintiff has not provided parameters

to his statement that the payments have been "significant," the United States denies the remaining allegations contained in paragraph 10.

11.  Because Plaintiff has not defined what it means by "threatened collection action" nor provided specific dates or actions, the United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of Plaintiff's complaint.

12.  The United States denies the allegations contained in paragraph 12 of Plaintiff's compliant.

13.  The United States admits the allegations contained in paragraph 13 of Plaintiff's complaint.

14.  The United States admits that on July 14, 2022, the IRS received $200,000, which it applied to Plaintiff's federal income-tax liability for 2006, and that on July 21, 2022, the IRS received $1,089,316.55, which it applied to Plaintiff's federal tax liability for 2006.  The United States denies the remaining allegations contained in paragraph 14 of Plaintiff's complaint.

15.  The United States admits that: (1) 26 U.S.C. § 6402(a) states in part: "In the case of any overpayment, the Secretary, within the applicable period of limitations, … shall, subject to subsections (c), (d), (e), and (f), refund any balance to such person.";  (2) 26 U.S.C. § 7422(a) states in part: "No suit … shall be maintained … for the recovery of any internal revenue tax … until a claim for refund … has been duly filed with the Secretary ….";  and (3) 26 U.S.C. § 6532(a)(1) states in part: "No suit … under section 7422(a) … shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time …."  The United States denies any allegations contained in paragraph 15 of Plaintiff's complaint that are inconsistent with these admissions or with 26 U.S.C. §§ 6402, 6532, or 7422.

16. The United States denies the allegations contained in paragraph 16 of Plaintiff's complaint, except admits that Plaintiff filed an amended return on October 24, 2022.

17. The United States denies the allegations contained in paragraph 17 of Plaintiff's complaint.

18. The United States admits that more than six months have passed since the filing of the amended return on October 24, 2022. The United States denies any allegations contained in paragraph 18 that are inconsistent with this admission.

19. The United States admits that Plaintiff realleges paragraphs 1 through 18, and the United States realleges its responses to those paragraphs.

20. The United States admits that 26 U.S.C. § 6502(1)(a)(1) states: "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun — (1) within 10 years after the assessment of the tax[.]" The United States denies any allegations contained in paragraph 20 that are inconsistent with this admission or with 26 U.S.C. § 6502.

21. The United States admits that 26 U.S.C. § 6502(a)(2) states in part: "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun — (2) if (A) there is an installment agreement between the taxpayer and the Secretary, prior to the date which is 90 days after the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer at the time the installment agreement was

1  entered into; or (B) there is a release of levy under section 6343 after such
2  10-year period, prior to the expiration of any period for collection agreed
3  upon in writing by the Secretary and the taxpayer before such release." The
4  United States denies any allegations contained in paragraph 21 that are
5  inconsistent with this admission or 26 U.S.C. § 6502.

6      22.    The United States admits that 26 U.S.C. § 6503 extends the suspension of the running of the limitation period set forth in 26 U.S.C. § 6502 in various circumstances. The United States admits that: (1) 26 U.S.C. § 6503(a)(1) states in part: "The running of the period of limitations … in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 …, shall … be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency in placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter."; and (2) 26 U.S.C. § 6503(h) states in part: "The running of the period of limitations provided in section 6501 or 6502 … shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting and … (2) for collection, six months thereafter." The United States denies any allegations contained in paragraph 22 that are inconsistent with this admission or with 26 U.S.C. § 6503.

    23.    The United States admits that on September 5, 2011, the Internal Revenue Service assessed $1,127,927 in federal income tax against Plaintiff for tax year 2006. The United States denies any allegations contained in paragraph 23 that are inconsistent with this admission.

5

24. The United States denies the allegations contained in paragraph 24 of Plaintiff's complaint.

25. The United States denies the allegations contained in paragraph 25 of Plaintiff's complaint.

26. The United States denies the allegations contained in paragraph 26 of Plaintiff's complaint.

27. The United States admits that Plaintiff realleges paragraphs 1 through 26, and the United States realleges its responses to those paragraphs.

28. The United States admits that 26 U.S.C. § 7433 states, in part: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States[.]" The United States denies any allegations contained in paragraph 28 that are inconsistent with this admission or with 26 U.S.C. § 7433.

29. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of Plaintiff's complaint.

30. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of Plaintiff's complaint.

31. The United States denies that it had engaged in "unlawful reckless collection actions" against Plaintiff. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 31 of Plaintiff's complaint.

32. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of Plaintiff's complaint.

33. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's complaint.

34. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of Plaintiff's complaint.

35. The United States denies the allegations contained in paragraph 35 of Plaintiff's complaint.

WHEREFORE, the United States of America, Defendant, requests this Court to deny Plaintiff's request for relief and enter judgment in favor of the United States of America and grant it such further relief, including costs, as the Court deems appropriate.

AFFIRMATIVE DEFENSE

In response to the complaint, the United States of America, Defendant, asserts the following defense:

1. The arguments raised in support of Plaintiff's suit for refund may not be at variance with those raised by Plaintiff during the administrative process.

///
///
///
///
///

2. The arguments raised in support of Plaintiff's suit for damages under 26 U.S.C. § 7433 may not be at variance with those raised by Plaintiff during the administrative process.

Dated: October 17, 2023

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

**/s/ Andrew T. Pribe**

ANDREW T. PRIBE
Assistant United States Attorney

8