E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JAE CHUNG,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 2:23-cv-4270 WLH(Ex)<br><br>Rule 26(f) Report<br><br>Scheduling Conference<br>Date: Dec. 15, 2023<br>Time: 1 p.m.<br>Courtroom 9B<br>United States Courthouse<br>First Street, Los Angeles, California<br><br>Complaint filed: June 1, 2023<br>Answer filed: Oct. 17, 2023<br>Proposed Trial Date: Oct. 29, 2024 |

1

Jae Chung, Plaintiff, and the United States of America, Defendant, submit this Joint Rule 26(f) report.

### 1. Statement of the case.

Chung contends that he is entitled to a refund of federal income tax of $1,656,161.44 for tax year 2006 because, according to Chung, the Internal Revenue Service collected the tax after the ten-year statute of limitations expired, and the statute of limitations was not suspended. Additionally, Chung seeks damages under 26 U.S.C. § 7433, which authorizes a cause of action against the United States for "actual, direct economic damages" sustained by a taxpayer for violation of the Internal Revenue Code or the Treasury Regulations in the collection of a tax.

The United States contends that the statute of limitations was suspended while the IRS, according to the Government, considered Chung's multiple requests for installment agreements. Additionally, the United States disputes that Chung is entitled to damages under 26 U.S.C. § 7433 and contends that Chung did not properly exhaust his administrative remedies, a condition precedent to the Government's waiver of sovereign immunity under 26 U.S.C. § 7433 and the associated Treasury Regulations.

### 2. Subject-matter jurisdiction.

The parties agree that this Court has subject-matter jurisdiction to hear Chung's claim for a tax refund under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

The parties dispute whether the Court has subject-matter jurisdiction under 26 U.S.C. § 7433 to hear Chung's claim for damages. The United States contends that Chung did not properly exhaust his administrative remedies.

**3. Legal issues.**

a. Whether the statute of limitations to collect the tax was suspended under 26 U.S.C. § 6503 and, if so, for how long. This issue may be determinable on summary judgment after discovery is complete.

b. Whether Chung properly exhausted his administrative remedies under 26 U.S.C. § 7433, including whether Chung waited the necessary six months under Treas. Reg. § 301.7433-1 after he claims he submitted his administrative claim. The United States anticipates filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) after the United States has completed its analysis of this issue.

c. Whether Chung suffered actual, direct economic damages because of an alleged violation by the IRS of the Internal Revenue Code or the Treasury Regulations in the collection of Chung's federal income-tax liability for 2006, and if so, the amount of the actual, direct economic damages.

**4. Parties, evidence, etc.**

a. The parties are  Plaintiff: Jae Chung
          Defendant: United States of America

b. Witnesses may include the following:
- Jae Chung.
- Chung representatives who interacted with the Internal Revenue Service.
- A representative of the IRS regarding actions taken by the IRS and the relevant IRS records.

c. Key documents may include the following:
- IRS records regarding the assessment and payment of Chung's 2006 federal income taxes.

3

- Chung records and IRS records regarding Chung's requests for an installment agreement or an offer in compromise.
- Chung's administrative claim for damages under 26 U.S.C. § 7433.
- Chung's records regarding his financial situation and any damages he may have suffered.

**5.  Damages.**

Chung seeks a tax refund of $1,656,161.44.  Chung's attorney estimates $50,000 in attorney fees, which he contends are reasonably foreseeable but not yet incurred for costs of this action.

**6.  Insurance.**

Not applicable.

**7.  Motions.**

a.  Procedural motions:

- Chung does not anticipate any procedural motions.
- The United States anticipates filing a motion to dismiss Chung's claim under 26 U.S.C. § 7433 for lack of subject-matter jurisdiction.

**b.  Dispositive motions.**

- The United States believes that the issue of whether the IRS collected the tax for 2006 within the statute of limitations may be determined by summary judgment.  In the Government's view, this will depend upon whether the statute of limitations was suspended during the pendency of the IRS's review of Chung's requests for an installment agreement.  This issue requires factual development.  The disposition of this issue may also determine the disposition of Chung's claim for damages under 26

1          U.S.C. § 7433, which is dependent on the claim that the IRS
2          collected the tax after the statute of limitations.
3     c.    Class-certification motion.
4          This case is not a class-action suit.
5   **8.**   **Manual for Complex Litigation.**
6         Reference to the Manual for Complex Litigation is not required.
7   **9.**   **Discovery.**
8     a.    Status of discovery: The parties have voluntarily exchanged some
9 documents, although the parties have not yet engaged in written discovery.
10    b.    Discovery plan:
11       •  Initial disclosures shall be made by December 15, 2023.
12       •  Topics for discovery include: (1) the payments made toward the
13          2006 tax assessment; (2) Chung's interactions, and those of his
14          representatives, with the IRS regarding requests for installment
15          agreements and offers in compromise; and (3) Chung's financial
16          situation at the time of payment and the effect that the disputed
17          payments had on his financial situation.
18       •  Discovery does not need to be conducted in phases.
19       •  The parties do not foresee any issues regarding electronically
20          stored information of privileges.
21       •  The parties do not propose any changes to the discovery
22          limitations imposed by the Federal Rules of Civil Procedure or the
23          Local Rules.
24    c.    Discovery cut-off date: June 7, 2024.
25    d.    Expert discovery:    Initial disclosure: June 14, 2024.
26                          Rebuttal disclosure: June 28, 2024.
27                          Expert discovery cut-off: July 5, 2024.
28

1     e.     Settlement conference / alternative-dispute resolution: The parties have not engaged in any settlement discussions. To date, no notice to the parties of Court-directed ADR program has been issued. If the Court issues one, the parties' preference is option 2, a neutral from the Court Mediation Panel.

   f.     Trial.
- Trial estimate: The parties estimate the trial to take two days.
- Bench or jury trial: If the case proceeds to trial, it will be a bench trial.
- Consent to trial before a magistrate judge: The parties have not consented to trial before a magistrate judge.
- Lead trial counsel:
  - For Jae Chung, Plaintiff: Anthony Diosdi.
  - For the United States of America, Defendant: Andrew T. Pribe

   g.     Independent expert or master. The parties do not believe that an independent expert or master needs to be appointed.

   h.     Other issues.

///

6

- In accordance with Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of discovery and other non-filed documents may be accomplished through email to opposing counsel.

| For Plaintiff | For Defendant |
|---|---|
| JAE CHUNG | UNITED STATES OF AMERICA |
| **/s/ Anthony V. Diosdi** Date: 12/1/2023 | **/s/ Andrew T. Pribe** Date: 12/1/2023 |
| ANTHONY V. DIOSDI | E. MARTIN ESTRADA |
| DIOSDI CHING & LIU LLP | United States Attorney |
| | THOMAS D. COKER |
| | Assistant United States Attorney |
| | Chief, Tax Division |
| | ANDREW T. PRIBE |
| | Assistant United States Attorney |

I, Andrew T. Pribe, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

**/s/ Andrew T. Pribe** Date: 12/1/2023

7

**JUDGE WESLEY L. HSU**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court <u>ORDERS</u> the parties to make every effort to agree on dates.*

| Case No. 2:23-cv-4270 WLH(Ex) | Case Name: Jae Chung v. United States of America | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date** mm/dd/yyyy | **Court Order** |
| Check one: ☐ Jury Trial or ☑ Court Trial ☐ Magistrate Judge (*Tuesday* at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 2 Days | | 10/29/2024 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (*Friday* at 3:00 p.m., at least 18 days before trial) | | 10/11/2024 | |
| **Event** [1] **Note:** Hearings shall be on *Fridays* at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC**[2] | **Parties' Joint Date** mm/dd/yyyy | **Court Order** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties [Friday] | | 01/19/2024 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 06/07/2024 | |
| Expert Disclosure (Initial) | 16 | 06/14/2024 | |
| Expert Disclosure (Rebuttal) | 14 | 06/28/2024 | |
| Expert Discovery Cut-Off | 14 | 07/05/2024 | |
| Last Date to <u>Hear</u> Motions<br>• Rule 56 Motion due at least 6 weeks before hearing;<br>• Opposition due 2 weeks after motion is filed before hearing;<br>• Reply due 1 week after Opposition is filed | 12 | 07/19/2024 | |
| Last Date to <u>Hear</u> *Daubert* Motions | 8 | 08/16/2024 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] <u>Select</u> one: ☐ 1. Magistrate Judge *(with Court approval)* ☑ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 09/06/2024 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)**<br>• Motions *In Limine* (except *Daubert*)<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only)<br>• Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 09/13/2024 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions in Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 09/27/2024 | |

---

1  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.